UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────

KAREEM NELSON,

              Plaintiff,

     v.

RAM JAN OIL CORP. and REMICA
PROPERTY GROUP CORP.,

              Defendants.

**MEMORANDUM & ORDER**
22-CV-02628 (HG)

**HECTOR GONZALEZ**, United States District Judge:

The Clerk of Court entered a Certificate of Default on July 6, 2022, against Defendants Ram Jan Oil Corporation and Remica Property Group Corporation (collectively, "Defendants"), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* ECF No. 15. Defendants have filed a motion to vacate their default, and Plaintiff Kareem Nelson consents to such relief. *See* ECF No. 19. The Court grants Defendants' motion and vacates their default for the reasons explained below.

## LEGAL STANDARD

The Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Because Rule 55(c) does not define the term "good cause," the Second Circuit has established criteria for district courts to consider. *See Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). Accordingly, "[i]n deciding a motion to vacate an entry of default, the district court is to be guided principally by three factors: '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is

presented.'" *Baxter v. Bradley*, No. 21-1787-pr, 2022 WL 1315629, at *1 (2d Cir. May 3, 2022) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

A defendant's default does not rise to the level of being "willful" if it was "merely negligent or careless." *Bricklayers*, 779 F.3d at 186 (internal quotation marks omitted). Instead, the defendant's conduct leading to the default must be "egregious and . . . not satisfactorily explained." *Id.* (internal quotation marks omitted) (alteration in original).

To establish prejudice, "a plaintiff must show the loss of evidence, increased difficulties of discovery, or greater opportunity and collusion—circumstances that make it more difficult for plaintiff to prosecute its case to establish that vacatur would prejudice its interests." *Windward Bora LLC v. Armstrong*, No. 18-cv-6355, 2021 WL 606713, at *4 (E.D.N.Y. Feb. 16, 2021) (internal quotation marks omitted). The mere delay associated with the expiration of a defendant's original deadline to answer and a subsequent motion to vacate that default is not sufficient. *See Tverdy v. Metro Auto Body Inc.*, No. 20-cv-3153, 2020 WL 7343304, at *2 (E.D.N.Y. Dec. 14, 2020).

In order to show a meritorious defense, "'the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense.'" *Am. Empire Surplus Lines Ins. Co. v. Concord Restoration Inc.*, No. 20-cv-2341, 2022 WL 950432, at *4 (E.D.N.Y. Mar. 30, 2022) (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004)). "[A] defendant must do more than merely allege that a defense exists," but "courts in this Circuit routinely recognize that a defendant need only meet a low threshold to satisfy this factor." *Li v. Fleet N.Y. Metro. Reg'l Ctr. LLC*, No. 21-cv-5185, 2022 WL 1666963, at *7 (E.D.N.Y. May 25, 2022).

2

Courts should weigh these factors while "keeping in mind" the Second Circuit's "'strong preference for resolving disputes on the merits.'" *Baxter*, 2022 WL 1315629, at *1 (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). Accordingly, "'the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort.'" *Gov't Emps. Ins. Co. v. Jacobson*, No. 15-cv-7236, 2019 WL 10959842, at *2 (E.D.N.Y. Oct. 15, 2019) (report and recommendation), *adopted in full*, No. 15-cv-7236 (Nov. 6, 2019) (quoting *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)). "'[A]ll doubts must be resolved in favor of the party seeking relief from the [default] in order to ensure that to the extent possible, disputes are resolved on their merits.'" *Tverdy*, 2020 WL 7343304, at *1 (quoting *Green*, 420 F.3d at 104).

## **DISCUSSION**

The Court finds that Defendants' failure to timely answer Plaintiff's complaint was not willful, which weighs in favor of vacating their default. One of the Defendants, Remica Property Group Corporation ("Remica"), is a defendant in three pending lawsuits filed by Plaintiff in this District, including two before this Court. *See Nelson v. Ram Jan Oil Corp., et al.*, No. 22-cv-2628-HG (E.D.N.Y. filed May 6, 2022); *Nelson v. Bolla Operating Corp., et al.*, No. 22-cv-2624-HG, (E.D.N.Y. filed May 6, 2022); *Nelson v. Atlantic Gas, Inc., et al.*, No. 22-cv-2618-FB-VMS (E.D.N.Y. filed May 6, 2022). Remica and its co-defendant in one of these cases timely appeared and answered Plaintiff's complaint. *See Nelson v. Bolla Operating Corp., et al.*, No. 22-cv-2624-HG, ECF No. 12 (E.D.N.Y. filed July 11, 2022). In the present case, Plaintiff served Defendants by providing copies of Plaintiff's complaint and summons to the New York Secretary of State on May 20, 2022, as Plaintiff did in the *Bolla Operating* case. *See* ECF Nos. 7, 8; *Nelson v. Bolla Operating Corp., et al.*, No. 22-cv-2624-HG, ECF No. 8 (E.D.N.Y. filed May 23, 2022). However, Defendants' counsel claims that Defendants were not aware of this

3

lawsuit until the Court ordered Plaintiff to send the summons and complaint directly to Remica's counsel in the *Bolla Operating* case. ECF No. 19-1 ¶ 4. Plaintiff provided this notice on June 28, 2022, *see* ECF No. 13, and Defendants appeared less than two weeks later on July 11, 2022, *see* ECF Nos. 16–17, albeit after the Clerk of Court had already entered a Certificate of Default against Defendants. *See* ECF No. 15.

Defendants' motion does not expressly say that they never received from the New York Secretary of State a copy of the summons and complaint for this case. *See* ECF Nos. 19-1 & 20. Instead, Defendants' motion allows for the possibility that at least Remica received the summons and complaint yet overlooked them because of the several lawsuits filed against it on the same day by the same plaintiff. *See id.* However, such oversight, although "not a model of diligence," would not "rise to the level of bad faith." *Tverdy*, 2020 WL 7343304, at *1. Defendants' explanation, coupled with their relatively prompt retention of counsel after they became aware of this lawsuit, collectively demonstrate that their default was not willful.

Plaintiff has not alleged any prejudice associated with Defendants' default and has instead consented to vacating the entry of default against Defendants. *See* ECF No. 18. This factor therefore weighs in favor of granting Defendants' motion.

Defendants have asserted that they plan to retain an unidentified "expert" to demonstrate "that many, if not all, of the deficiencies alleged in the Complaint are inaccurate." ECF No. 20 at 6. Although this assertion of a supposedly meritorious defense is conclusory and minimal, the Court finds that vacating Defendants' default remains proper because of the collective weight of Defendants' lack of willfulness, Plaintiff's consent to such relief, and the Second Circuit's strong preference for resolving cases on their merits. *See New Falls Corp. v. Soni Holdings, LLC*, No.

19-cv-449, 2020 WL 2770922, at *8 (E.D.N.Y. May 8, 2020) (report and recommendation), *adopted in full*, 2020 WL 2770015 (May 28, 2020).

## **CONCLUSION**

For the reasons described above, the Court grants Defendants' motion to vacate the default entered against them on July 6, 2022.  *See* ECF No. 19.  The Clerk of the Court is directed to vacate the Certificate of Default.  *See* ECF No. 15.  Defendants shall file their Answer(s) or otherwise respond to Plaintiff's complaint by August 23, 2022.

SO ORDERED.

                                                            */s/ Hector Gonzalez*
                                                          HECTOR GONZALEZ
                                                          United States District Judge

Dated: Brooklyn, New York
        August 9, 2022